**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**CHARLES ROLLIN MORRIS,**                    CASE NO. 3:24 CV 2118

      Petitioner,

      v.                                          JUDGE JAMES R. KNEPP II

**WARDEN TOM WATSON,**

      Respondent.                    **MEMORANDUM OPINION AND
ORDER**

Petitioner Charles Rollin Morris ("Petitioner), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Carmen E. Henderson for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On January 8, 2026, Judge Henderson issued an R&R recommending the Court deny the entire Petition as containing only procedurally defaulted claims. (Doc. 11). Petitioner filed objections to the R&R. (Doc. 12).

The Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition..

BACKGROUND

This habeas case, filed on November 7, 2024[1], stems from Petitioner's 2022 conviction on the following nine charges:

---

1. The Petition was filed with the Court on December 6, 2024, but by operation of the prison mailbox rule and Petitioner's certification that he placed the Petition in the mail on November 7, 2024, the latter is the filing date. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir.

one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony; one count of having weapons while under disability in violation of R.C. 2925.02(A)(3), a third-degree felony; one count of possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony; one count of selling, purchasing, distributing, or delivering dangerous drugs in violation of R.C. 4729.51(E)(1)(c), a fifth-degree felony; one count of possessing drug abuse instruments in violation of R.C. 2925.12(A), a first-degree misdemeanor; one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a second-degree felony; one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a second-degree felony; one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a first-degree felony; and one count of aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor.

*State v. Morris*, 2023 WL 7290950, at *2 (Ohio Ct. App.).

In the present habeas Petition, Petitioner raises four grounds for relief:

**Ground One:** A violation of the Due Process Clause of the Fourteenth Amendment, violation of 18 U.S.C. § 1621(1) or (2) or BOTH

**Supporting Facts**: The charge of Aggravated Burglary involves (3) three testifying witnesses. When one is Officer Yoder who the alleged crime was reported to by a Ms. Rochelle Miller and Ms. Madison Adams when Ms. Miller is the individual that lived at the address and Ms. Miller reported and testified to Ms. Adams being the individual the petitioner was looking for to making him commit this act. When the petitioner will present perjury from the reporting stage of this allegation and all the way through to the end of this allegation.

\* \* \*

**Ground Two:** The State violated petitioner's Fourteenth Amendment Due Process Rights by entering a conviction on insufficient evidence according O.R.C. Ann. 2925.51(A)&(B).

Supporting Facts: This charge involves (2) pictures that was extracted off of the petitioner's phone that the court said they were pictures of methamphetamine and without no chemical analysis from any private lab or from B.C.I. convicted the petitioner of a second degree felony and sentenced the petitioner to (7) seven years with a mandatory ($7,500.00) seventy-five hundred fine.

\* \* \*

**Ground Three:** State violate[d] petitioner['s] Fourteenth Amendment Due Process Rights by suborning perjury.

---

1997) (explaining a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed"); Doc. 1, at 18.

**Supporting Facts:** The charge is from (61) sixty-one cyclobenzaprine hydrochloride 5 mg tablets that were found in the petitioner's motel room in an unmarked pill bottle. Ms. Ashley Knippen testified to the petitioner not having a prescription for this medication from August 26th, 2017 through August 26th, 2022. When the petitioner will produce evidence from a pharmacy that this testimony of Ms. Knippen was false testimony.

* * *

**Ground Four:** The State violated petitioner's Fourteenth Amendment Due Process Rights by entering a conviction on insufficient evidence according O.R.C. Ann. 2923.11(A)&(B).

**Supporting Facts:** This charge of Having a weapon while under disability has no testimony towards the capabilities of the alleged firearm operational abilities. Upon the conflicting testimonies and the testimony not even confirming the handgun the petitioner does not only believe the State did not prove their case towards saying the firearm operational capabilities but the State did not even prove their case on the fact there was a firearm at all seeing the Aggravated Burglary charge were based on perjured testimony from beginning to the end and in between.

(Doc. 1, at 7, 9, 11, 13).

In her R&R, construing all four grounds as challenges to the sufficiency of the evidence, Judge Henderson recommends the Court find the Petition procedurally defaulted because Petitioner failed to pursue his appeal to the Ohio Supreme Court and has not presented cause and prejudice or a miscarriage of justice to excuse such default. (Doc. 11, at 11-16). The R&R further concludes that any new grounds raised in Petitioner's Reply/Traverse are not properly before the Court. *Id.* at 16-17.

STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3) (emphasis added).

3

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213-14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn.); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

**DISCUSSION**

Petitioner raises three numbered objections to the R&R. (Doc. 12). The Court addresses each below.

<u>Objection One</u>

In his first objection, Petitioner contends the R&R incorrectly concluded the Ohio Supreme Court "dismissed the case for failure to prosecute because Morris did not file a memorandum in

4

support of jurisdiction." (Doc. 12, at 2) (quoting Doc. 11, at 5 (citing Ex. 15, Doc. 7-1, at 234)). Instead, Petitioner argues, "[i]n an entry filed July 09, 2024, the Ohio Supreme Court . . . decline[d] to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4)." (Doc. 12, at 2) (quoting Ex. 21, Doc. 7-1, at 345). Petitioner here conflates two different rulings by the Ohio Supreme Court. In the first ruling, which the R&R references, the Ohio Supreme Court dismissed Petitioner's *direct appeal* for failure to prosecute. (Ex. 15, Doc. 7-1, at 234) (Case No. 2024-083). The second ruling (upon which Petitioner relies), is the Ohio Supreme Court's ruling on the appeal of Petitioner's appeal of his *application for reopening*. *See* Ex. 21, Doc. 7-1, at 345 (Case No. 2024-0552). Raising a claim of ineffective assistance of appellate counsel in an Ohio Appellate Rule 26(B) application for reopening does not preserve the underlying claims for federal habeas review. *See Davie v. Mitchell*, 547 F3d. 297, 312 (6th Cir. 2008) ("[B]ringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'") (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)). And Petitioner here has not presented an ineffective assistance of appellate counsel claim in his Petition. Petitioner's first objection is therefore overruled.

Objection Two

In his second objection, directed at Ground Three of the Petition, Petitioner contends he was convicted of possession of "a drug that was prescribed by a doctor, which was <u>not</u> a crime." (Doc. 12, at 3). He attaches records from Walgreens Pharmacy purporting to demonstrate he had a prescription for cyclobenzaprine. *See* Doc. 12-4. He therefore contends this is "an instance of Actual Innocence, which should allow the Petitioner to overcome any procedural hurdles he may or may not have cleared." *Id.*

To the extent Petitioner seeks to present a freestanding actual innocence claim based on the prescription records, he cannot do so. *See Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) ("Our circuit . . . has 'repeatedly indicated that such claims are not cognizable on habeas.'") (quoting *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007)); *see also Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) (a claim of actual innocence simply provides a gateway for raising otherwise barred claims; a habeas petitioner in a noncapital habeas case cannot maintain a freestanding claim of actual innocence).

To the extent Petitioner seeks to overcome his procedural default based on the "actual innocence" or "fundamental miscarriage of justice" exception, such a claim must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1997). "[T]he claim recognized in *Schlup* 'is procedural, rather than substantive,' meaning that it 'does not by itself provide a basis for relief.'" *Smith*, 962 F.3d at 206 (quoting *Schlup*, 513 U.S. at 314-15). Instead, "a *Schlup* claim provides a 'gateway' for the habeas petitioner 'to have his . . . otherwise barred constitutional claim considered on the merits.'" *Id.* (quoting *Schlup*, 513 U.S. at 315).

Even assuming *arguendo* that Petitioner's newly-submitted evidence could satisfy the *Schlup* standard, Petitioner would still not be entitled to habeas relief. Petitioner's underlying claim asserts the State suborned perjury when trial witness Ashley Knippen testified that Ohio's Automated Rx Reporting System ("OARRS") showed Petitioner had no prescription for cyclobenzaprine hydrochloride. *See* Doc. 1, at 11; Doc. 9, at 33-35. Petitioner contends the Walgreens Pharmacy records he now submits demonstrate this was false testimony. Ms. Knippen, an investigator with the prosecutor's office, testified at trial that an OARRS report did not reflect

that Petitioner had a prescription for cyclobenzaprine hydrochloride. (Trial Transcript, at 340-41).[2] On cross-examination, trial counsel questioned Knippen about whether all prescribed medications necessarily appear on an OARRS report. *Id.* at 349-52. Knippen testified that the information in OARRS depends on what a pharmacy puts into the system and that she could not speak to "what a pharmacy does or doesn't put on." *Id.* at 351; *see also* Doc. 7, at 33 (explaining, according to Respondent, that "[t]he gist of the cross-examination was that someone, say Morris, might have been prescribed a medication but a pharmacy might have failed to put in the data to reflect that"). The defense did not present any evidence at trial that Petitioner did, in fact, have a prescription for cyclobenzaprine hydrochloride. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.").

To establish a due process violation stemming from the prosecution's use of perjured testimony, "a petitioner must demonstrate that: (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." *Rosencrantz v. Lafler*, 568 F.3d 577, 583-84 (6th Cir. 2009). "The statement must be 'indisputably false' rather than 'merely misleading.'" *Abdus-Samad v. Bell*, 420 F.3d 614, 626 (6th Cir. 2005) (quoting *Byrd v. Collins*, 209 F.3d 486, 517-18 (6th Cir. 2000)). Petitioner's new evidence, to the extent this Court can even consider it, simply does not establish that Knippen's testimony was "indisputably false." That is, Petitioner has not demonstrated he had a prescription for cyclobenzaprine hydrochloride *that appeared on the OARRS report*. Knippen testified only that he did not have such a prescription within the OARRS system. Petitioner's new evidence is not contrary to Knippen's testimony, as

---

2. The relevant portion of the trial transcript is located at ECF Doc. 7-4. The Court cites to the internal pagination of the trial transcript, not the ECF pagination.

Knippen herself indicated she could not know for certain whether a given pharmacy entered every prescription into OARRS. (Trial Transcript, at 351). Thus, even if Petitioner could pass through *Schlup's* "actual innocence" gateway to excuse the procedural default of this claim and have it considered on the merits, he is not entitled to relief. Petitioner's second objection is overruled.

Objection Three

In his third objection, Petitioner argues his conviction for aggravated possession of drugs is not adequately supported because "[t]he State of Ohio did not find any drugs and did not recover any drugs and did not test any drugs in order to obtain this conviction." (Doc. 12, at 3-4). He therefore contends he is "completely innocent of that charges." *Id.* at 4. He again asserts that "[t]he actual innocence exception should allow [him] to surmount ANY procedural burdens that the prosecution claims he failed to meet." *Id.* at 5. Petitioner's argument is simply an argument that insufficient evidence supported his conviction. But such an argument is procedurally defaulted for the reasons set forth in the R&R. And, as the R&R correctly concluded, because Petitioner "has not supported his presumed allegation of actual innocence with new reliable evidence, and he has not demonstrated 'that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence,' he has not met the standard for establishing an innocence claim to excuse his procedural default." (Doc. 11, at 16) (internal citation omitted) (quoting *Schlup*, 513 U.S. at 327). Petitioner's third objection is therefore overruled.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Henderson's R&R (Doc. 11) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2026